JAMES F. DICKEY, administrator, *vs.* CATHERINE P. TAFT.

Hampden. November 15, 1899. — November 29, 1899.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Statute as to Fraudulent Conveyances applied to Lands.*

Section 1 of Pub. Sts. c. 133, as to persons suspected of having fraudulently received, conveyed, etc., any estate of a deceased person relates to fraudulent conveyances of real estate, and the administrator and the estate are in such circumstances as to give him a right to make the complaint under the statute, where the estate has been represented insolvent, and there is an allegation that a sale of the testator's real estate is necessary for the payment of debts.

PETITION to the Probate Court by the administrator *de bonis non* with the will annexed of the estate of Edward C. Taft for the examination of the respondent under Pub. Sts. c. 133, § 1, relating to persons suspected of having fraudulently received, concealed, embezzled, or conveyed away any estate, real or personal, of a deceased person, as to certain real property of Edward C. Taft, alleged to have been "fraudulently received, concealed, and conveyed away" by the defendant.

The respondent filed a motion to dismiss on the ground that the statute did not apply to lands. The Probate Court denied the motion and ordered the respondent to appear for examination ; and the respondent appealed. Hearing before *Knowlton, J.,* who by agreement of the parties reported the case for the consideration of the full court.

*W. H. Brooks & W. Hamilton,* for the respondent.

*J. B. Carroll & W. H. McClintock,* for the petitioner.

BARKER, J. We need not inquire whether a complaint under Pub. Sts. c. 133, § 1, can be brought by any administrator. See St. 1857, c. 71, § 2. In this instance the estate has been rep-

resented insolvent, and there is an allegation that a sale of the testator's real estate is necessary for the payment of debts. Under these circumstances the complainant may resort to the statute.

The objections urged are untenable. Several of them are upon the theory that the statute does not apply to lands, whereas it expressly authorizes the complaint in case of real estate fraudulently conveyed. It is idle to say that the accused could not convey away the testator's estate, for, like any other person, she might hold and convey fraudulently a title. The purpose of the statute is to compel the disclosure of information as to transactions suspected to be fraudulent, and it would be absurd to require the complainant, by allegations in the ·complaint, to set out for the benefit of the accused his own partial knowledge or his suspicions as to particulars of the fraud. The effect of the statute is to give the right to complain to the person who is administrator, and he need have no other interest. His appointment by the Probate Court cannot be attacked in these collateral proceedings. Construing the statute with absolute strictness, the complaint is within its terms.

The result is that the decree of the Probate Court is to be affirmed so far as it denies the motion to dismiss, and so far as it requires the respondent to appear in the Probate Court and be examined on oath touching the matters of the complaint; and the case is remanded to the Probate Court for further proceedings.     *So ordered.*